**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY TERRELL HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-414 NCC |
| | ) | |
| MATT DILLINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Larry Terrell Howard for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the financial information provided on plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee and will be granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the Court will dismiss plaintiff's claim as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true,*White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented litigant's complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On April 8, 2021, plaintiff filed the instant action on a 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. ECF No. 1. Despite the form chosen by plaintiff to initiate this lawsuit, he is not currently an inmate. The Court notes, however, that prior to the filing of this

2

complaint plaintiff was incarcerated at the Eastern Reception Diagnostic and Correctional Center and Farmington Correctional Center. During his incarceration he filed at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Subsequent to the dismissal of those cases, plaintiff filed at least two additional actions which were dismissed pursuant to the "three strikes" rule under 28 U.S.C. § 1915(g).[2] Nonetheless, because plaintiff was not incarcerated at the time he filed the instant complaint, this action is not subject to the Prison Litigation Reform Act ("PLRA") and cannot be dismissed under the three-strikes rule. *See Cofield v. Bowser*, 247 F. App'x 413, 414 (4th Cir. 2007) ("A former inmate who has been released is no longer 'incarcerated or detained' for the purposes of . . . the PLRA").

Here, plaintiff names one defendant, Matt Dillingham. Plaintiff does not allege that defendant is a state actor. In the section of the form complaint designated to identify the defendant, plaintiff leaves the following sections blank: "job or title," "badge/shield number," and "employer." Plaintiff does not indicate whether he intends to sue defendant in his official or individual capacity.[3] Moreover, in the Court's review of the home addresses plaintiff provided for himself and defendant Dillingham, the parties appear to be neighbors. *See* ECF No. 1 at 2.

---

[1] *See Howard v. Missouri Department of Corrections*, Case No. 4:17-CV-2575 DDN (E.D. Mo. Nov. 3, 2017); Howard v. St. Louis County Justice Center, Case No. 4:17-CV-2577 ACL (E.D. Mo. Oct. 18, 2017); and Howard v. Miller, Case No. 4:17-CV-2579 RLW (E.D. Mo. Nov. 13, 2017).

[2] *See Howard v. St Louis City Police Dept, et al.*, Case No. 4:17-CV-2576-NCC (E.D. Mo. Dec 15, 2017) and *Howard v. Medium Security Institution*, Case No. 4:17-CV-2783 RWS (E.D. Mo. Jan. 19, 2018).

[3] When a plaintiff's claim does not specify whether the defendant is being sued in his individual or official capacity, the court interprets the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

In the section designated to provide his statement of the claim, plaintiff alleges the following in its entirety:

> (1) What happened to me was I was targeted: inflicted with emotional distress, which had me fatigue[d] and emotionally uncomfortable.
>
> (2) This incident occurred: at or approx. May 7th, 2020.
>
> (3) This occurred at the following address: 1945 North Watson Rd. 63114
>
> (4) The injuries sustained are:
>     (1)(a) emotional stress
>     (2)(b) target(ing)
>     (3)(c) strain in family relations
>
> (5) The defendant, Dillingham, Matt, personally targeted me, the plaintiff, Larry T. Howard, by causing emotional distress, fatigue, reputational harm, strain in family relations, racial slurs (text msg.) and a lette[r] of guilt (letter submitted).
>
> I, the plaintiff, if I might add, the defendant, Matt Dillingham, is a "Nuisa[n]ce."

ECF No. 1 at 4-5.

Plaintiff does not provide any facts as to how defendant Dillingham violated plaintiff's constitutional rights or which rights were specifically violated. Plaintiff states he filed an "Order of Protection" against defendant Dillingham.

Attached to the complaint is a handwritten letter, purportedly from the defendant, which plaintiff identifies as the "Letter of Guilt and Admittance." ECF No. 1-1. The letter states: "Hey I'm sorry for being a complete dick to you. I'm trying to make it right. I have a joint for you if you want to get high."

For relief, plaintiff states he has "no physical" injuries, but he "feel[s] the association between [him] and Caucasian males will never be the same again." Plaintiff seeks "$5,000.00 a day."

4

**Discussion**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to show that (1) the defendant acted under color of state law, and (2) that the allegedly wrongful conduct deprived him or her of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). Under 28 U.S.C. § 1915(e), a Court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). For the reasons discussed below, plaintiff's complaint against defendant Dillingham is frivolous as he fails to state any viable legal claims. Accordingly, the complaint must be dismissed without prejudice.

First, plaintiff's complaint must be dismissed because defendant Dillingham is not alleged to be a state actor and there is no indication from the complaint that he is a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (a § 1983 claim requires that the alleged deprivation of a constitutional right must be committed by a person acting under color of state law). A private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual

5

understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Plaintiff's complaint is devoid of any facts showing involvement by a State actor.

Second, to state a claim under 42 U.S.C. § 1983, a plaintiff must establish the violation of a right secured by the Constitution or laws of the United States. *West*, 487 U.S. at 48. A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015). Liability in an action under 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (explaining that a plaintiff must allege facts connecting the defendant to the challenged action).

According to plaintiff, defendant Dillingham caused him to be "fatigued and emotionally uncomfortable" by "personally targeting" him. Plaintiff does not explain how defendant Dillingham targeted him other than vaguely referring to racial slurs he received in text messages. Plaintiff attaches a letter to the complaint which purports to be an apology from the defendant to plaintiff and an offer to share a "joint" and "get high" together. Plaintiff has not shown how defendant's actions resulted in a violation of his constitutional rights and has not identified which particular constitutional right was violated. At most, plaintiff's complaint describes a troubled personal relationship. Thus, plaintiff's claims against defendant Dillingham must be dismissed.

The Court will therefore dismiss the complaint as factually frivolous and because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**Motion for Appointment of Counsel**

Plaintiff has filed a motion for the appointment of counsel. ECF No. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel . . . Rather a court may request an attorney to represent any person unable to afford counsel"). Plaintiff's motion will be denied as moot, given the fact that plaintiff's claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** as factually frivolous and because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 16th day of April, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE